J-S37034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEZIEL VAZQUEZ | : | |
| | : | |
| Appellant | : | No. 351 EDA 2025 |

Appeal from the PCRA Order Entered January 31, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010206-2015

BEFORE:   DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED DECEMBER 16, 2025**

Appellant Joeziel Vazquez appeals from the order of the Court of Common Pleas of Philadelphia County dismissing Appellant's petition pursuant to the Post Conviction Relief Act (PCRA) as untimely filed.[1]  We affirm.

On January 25, 2018, Appellant entered a negotiated guilty plea to forgery, theft, and records tampering.  On the same day, the trial court sentenced Appellant to the negotiated term of 11½ to 23 months' incarceration followed by a consecutive seven-year term of probation. Appellant was given immediate parole.  On February 7, 2018, the trial court entered an amended sentencing order permitting Appellant to travel to New Jersey for specified purposes.  Appellant did not file a direct appeal.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

On January 24, 2019, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed Lawrence O'Connor, Esq., to serve as Appellant's counsel; Attorney O'Connor filed an amended petition on April 25, 2019. On November 19, 2019, the Commonwealth filed its response. On November 21, 2019, Appellant was permitted to proceed *pro se* and Attorney O'Connor was directed to serve as stand-by counsel. On March 4, 2020, Appellant filed a second amended petition.

On September 8, 2020, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. The Rule 907 notice was sent to Appellant's home address by certified mail. Rule 907 notice, 9/8/20, at 2. On October 8, 2020, the PCRA court dismissed Appellant's first PCRA petition and sent the formal dismissal order to Appellant's home address by first-class mail. Order, 10/8/20, at 2.

On February 6, 2022, Appellant filed the instant PCRA petition, requested to appeal the denial of his first PCRA petition *nunc pro tunc* as he claimed that he had never received the Rule 907 notice issued by the PCRA court or the final dismissal order with respect to his first petition.

On May 19, 2022, the Commonwealth filed a motion to dismiss Appellant's second petition which was facially untimely and failed to acknowledge the PCRA time-bar or invoke any of the exceptions to the PCRA timeliness requirements.

On July 12, 2024, Appellant submitted a supplemental petition reiterating the claims he raised in the February 2022 petition, but again failing to invoke one of the PCRA timeliness exceptions.

On January 31, 2025, after holding a hearing, the PCRA court entered an order formally dismissing the instant PCRA petition as untimely filed. This timely appeal followed. In its Rule 1925(a) opinion, the PCRA court emphasized that Appellant did not attempt to raise one of the PCRA timeliness exceptions. Although Appellant claimed that he never received the Rule 907 notice or final dismissal order related to his first PCRA petition, the PCRA court highlights that Appellant did not explain why neither Rule 907 notice nor the formal dismissal could reach him when sent by certified mail to his home address. Further, the PCRA court notes that Appellant did not address when he discovered his prior petition had been dismissed.

As a preliminary matter, we note that Appellant does not dispute that he is ineligible for collateral relief through the PCRA as he has completed his sentence. "Eligibility for relief under the PCRA is dependent upon the petitioner currently serving a sentence of imprisonment, probation, or parole for a crime." *Commonwealth v. Turner*, 622 Pa. 318, 80 A.3d 754, 761–62 (2013) (citing 42 Pa.C.S.A. § 9543(a)(1)(i)). As our Supreme Court has explained, as soon as his sentence is completed, a PCRA petitioner becomes ineligible for relief. *Commonwealth v. Ahlborn*, 548 Pa. 544, 699 A.2d 718, 720 (1997).

- 3 -

In any event, Appellant's instant petition is also facially untimely. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted).

Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

As noted above, the trial court entered the judgment of sentence on January 25, 2018 and entered an amended judgment of sentence on February 7, 2018. As Appellant did not file a direct appeal, the judgment of sentence became final on March 9, 2018, when the time period for seeking a direct appeal had expired. Thus, Appellant had until Monday, March 11, 2019 to file

a timely PCRA petition.  Thus, the instant petition, filed on February 6, 2022, is facially untimely.

However, in his appellate brief, Appellant neither cites to the PCRA timeliness exceptions nor attempts to demonstrate how one of these exceptions applies to the case at bar, but instead concedes that he has failed to satisfy the PCRA timeliness requirements.  Our courts have emphasized that a petitioner must specifically plead and prove that one of the PCRA timeliness exceptions applies to the untimely petition in order to avoid the PCRA time bar.  ***Commonwealth v. Beasley***, 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999). As Appellant has not proven that one of the PCRA timeliness exceptions applies to his petition, the PCRA court had no jurisdiction to review his claims under the PCRA.

To the extent that Appellant argues that the PCRA court should have reviewed his February 6, 2022 petition as seeking the writ of *coram nobis*, Appellant is not entitled to relief.

Section 9542 of the PCRA provides:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter **shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis.*** This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction. Except as specifically

provided otherwise, all provisions of this subchapter shall apply to capital and noncapital cases.

42 Pa.C.S.A. § 9542 (emphasis added). "The plain language of [Section 9542] demonstrates quite clearly that the General Assembly intended that claims that could be brought under the PCRA **must** be brought under that Act." **Commonwealth v. Hall**, 565 Pa. 92, 771 A.2d 1232, 1235 (2001) (emphasis in original). "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition .... Regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." **Commonwealth v. Hagan**, 306 A.3d 414, 421-22 (Pa.Super. 2023) (citations omitted).

Appellant's instant petition, which alleges that he did not receive the Rule 907 notice or formal dismissal order related to his first PCRA petition, clearly falls within the framework of the PCRA. As the PCRA was the exclusive means for Appellant to raise this issue, the trial court did not err in construing Appellant's filing as a PCRA petition. Appellant's mere captioning of his petition as a claim of *coram nobis* cannot exempt him from satisfying the PCRA's timeliness requirements. As noted above, Appellant made no attempt to invoke one of the PCRA timeliness exceptions to invoke the PCRA court's jurisdiction.

For the foregoing reasons, the PCRA court did not err in dismissing Appellant's petition as untimely filed.

Order affirmed.

- 6 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/16/2025</u>